FORET, Judge.
Quantum is the only issue in this appeal.
Emma May Black was injured on July 10, 1984, when she fell at Ton’s Drive Inn (Ton’s), located in Broussard, Louisiana. Named as defendants were Ton’s and Ton’s liability insurer, United States Fidelity & Guaranty Company (USF & G). The jury found Ton’s to be 90% at fault in causing the accident and apportioned 10% of the fault to Black. By this appeal, Black contends the jury’s damage award of $5,000 (less 10%) is so inadequate that it amounts to an abuse of the jury’s discretion. We disagree and affirm the trial court judgment.
FACTS
On July 10, 1984, Emma May Black, a 44-year-old housewife, entered Ton’s Drive Inn to have lunch with her family. A Ton’s employee had just finished mopping the floor, and it was still damp as Mrs. Black entered. There was one sign warning of the wet floor but Mrs. Black could not see this sign from where she entered the premises. She did not notice that the floor was damp as she entered and slipped, falling forward on her right arm. Her family members immediately took her to the emergency room at University Medical Center, where her arm was x-rayed, and she was then sent home without medication or restriction.
EVIDENCE
Dr. Charles Prejean testified for Black as an expert in emergency medicine. Dr. Pre-jean saw Black in July of 1984, several days after the accident. He described her injury as an inflammation or irritation of the right elbow with no fracture. She had no complaints of wrist problems at this time. His diagnosis was that Mrs. Black experienced degenerative arthritis, which was either caused or aggravated by the accident. Additionally, he testified that he could not determine how long Mrs. Black had suffered with this degenerative condition but that, due to her age, it was probable that she had some degeneration in her elbow prior to the accident.
Dr. James Domingue, an expert neurologist, testified on behalf of Black regarding his examination of her approximately eighteen months after the accident, in January of 1986. He noted an abnormality of the right median nerve near the wrist which is also known as “carpal tunnel syndrome.” He was unable to establish any causal relationship between his findings and the accident of July 10,1984. Conversely, he testified that he had never seen a case where “carpal tunnel syndrome” symptoms manifested themselves one and one-half years after an injury. He did not recommend any treatment based on his tests.
Finally, Dr. Meuleman, an orthopedic surgeon, examined Mrs. Black on behalf of USF & G on September 30, 1986. He found no “carpal tunnel syndrome” nor evidence of degenerative arthritis. He found that Mrs. Black had a “perfectly normal wrist” and was unable to establish any diagnosis whatever.
Given the medical testimony and the particular facts of this case, we do not find that a lump sum award of $4,500 was an abuse of discretion.
*287 CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed, and all costs of this appeal are assessed to Emma May Black, plaintiff-appellant.
AFFIRMED.