Thomas HENDRICKSON, Plaintiff,

v.

XEROX CORPORATION, a New York
Corporation, Defendant.

Civ. No. 90–851–FR.

United States District Court,
D. Oregon.

Nov. 9, 1990.

John Chally, Bouneff, Chally & Jorgenson, Portland, Or., for plaintiff.

Edwin A. Harnden, Scott J. Fortmann, Lane Powell Spears & Lubersky, Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is plaintiff's motion for remand (# 4).

## BACKGROUND

Plaintiff, Thomas Hendrickson, a resident of the State of Oregon, was a sales representative for defendant, Xerox Corporation (Xerox), a New York corporation, from September 26, 1967 until April 5, 1990. At that time, Xerox terminated Hendrickson's employment. Subsequently, Hendrickson filed a complaint against Xerox in the Circuit Court of the State of Oregon for the County of Multnomah, alleging that Xerox owed him $39,710.00 in unpaid severance pay, unpaid accumulated vacation time, unpaid sales commissions, and a civil penalty. Hendrickson requested judgment of $39,710.00, plus costs and disbursements and reasonable attorney fees pursuant to O.R.S. 652.200.

Xerox removed the case to this court pursuant to 28 U.S.C. § 1441. Xerox asserts that this court has diversity jurisdiction because the matter in controversy exceeds the sum or value of $50,000.00, exclusive of interest and costs, and is between citizens of different states.

Hendrickson has moved to remand this case to state court on the grounds that the United States District Court for the District of Oregon lacks jurisdiction because the matter in controversy is less than $50,-000.00. In support of the motion, counsel for Hendrickson has submitted an affidavit in which he states that the total amount of damages alleged by Hendrickson, now and at the time the cause of action was filed, is $39,710.00, plus attorney fees. Xerox op-

poses the motion or, in the alternative, requests that counsel for Hendrickson stipulate that Hendrickson will not seek or accept damages of $50,000.00 or more, including attorney fees. Xerox has filed an affidavit, which states that 1) counsel for Hendrickson will not agree to stipulate that the total amount of damages, including attorney fees, does not exceed the sum of $50,000.00; and 2) counsel for Hendrickson believes that the total damages, including attorney fees, will likely exceed $50,000.00.

## CONTENTIONS OF THE PARTIES

Hendrickson contends that the matter in controversy does not exceed $50,000.00, exclusive of interest and costs.

Xerox contends that because Hendrickson has, pursuant to O.R.S. 652.200, requested attorney fees in addition to his damage claim of $39,710.00, federal jurisdiction is satisfied because the matter in controversy is reasonably in excess of $50,000.00. Alternatively, Xerox contends that it is willing to permit the case to be remanded if Hendrickson will stipulate that he will not seek or accept damages of $50,000.00 or more, including attorney fees.

## ANALYSIS

A district court should deny a motion to remand to state court if the case was properly removed to federal court under 28 U.S.C. § 1441. *Carpenters S. Cal. Admin. Corp. v. Majestic Housing*, 743 F.2d 1341, 1343 (9th Cir.1984). Under section 1441, any civil action brought in a state court, of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the United States District Court for the district embracing the place where such action is pending. Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332.

■ The United States District Court for the District of Oregon is the federal court embracing the Circuit Court of the State of Oregon for the County of Multnomah, the place where this action was filed. The action is between citizens of different states. Therefore, whether this case was properly removed to federal court depends upon whether the matter in controversy exceeds the sum or value of $50,000.00. The burden of establishing federal jurisdiction is placed on the party seeking removal. *Carpenters*, 743 F.2d at 1343. The removal statute is strictly construed against removal jurisdiction. *Id.*

■ Although the request for damages is less than $50,000.00, attorney fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 54 S.Ct. 133, 133–34, 78 L.Ed. 267 (1933); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.1982). In this case, Hendrickson seeks payment of attorney fees pursuant to O.R.S. 652.200. Therefore, a reasonable estimate of those attorney fees may be included in determining whether the jurisdictional minimum is satisfied.

■ In an affidavit supporting its Memorandum in Opposition to Plaintiff's Motion to Remand, an attorney for Xerox states that the attorney for Hendrickson will not stipulate that damages, including attorney fees, will not exceed $50,000.00, but that the attorney for Hendrickson has stated that total damages, including attorney fees, will likely exceed $50,000.00. Therefore, the court finds that the jurisdictional amount pursuant to 28 U.S.C. § 1332 is satisfied, and a remand to state court is not appropriate.

## CONCLUSION

Plaintiff's motion for remand (# 4) is denied.