Frances Dane CALLAWAY, Plaintiff,

v.

BASF CORPORATION and Metpath, Inc., Defendants.

No. G–92–513.

United States District Court, S.D. Texas, Galveston Division.

Jan. 11, 1993.

---

Gary L. McConnell, Klement & McConnell, Angelton, TX, for plaintiff.

Gerald T. Holtzman, Holtzman & Urquhart, Houston, TX, for defendants.

## ORDER

KENT, District Judge.

Before the Court is Plaintiff's Motion to Remand. For the reasons stated below, the Court is of the opinion that the motion should be DENIED.

This action was originally filed in Texas state court. Defendants subsequently removed to this Court alleging that complete diversity exists between the parties and that the amount in controversy exceeds $50,000.00. Plaintiff admits that complete diversity exists but argues that Defendants have not demonstrated that the amount in controversy exceeds the necessary jurisdictional amount.

This suit was originally filed in state court. Plaintiff's Original Petition contains no specific averment as to the amount in controversy. Although numerous federal courts have been confronted with this problem, their responses have not been uniform.

The federal courts have had some difficulties in measuring the amount in controversy when the complaint is silent or inconclusive and either have looked to the petition for removal, have made an independent appraisal of the monetary value of the claim or suggested that the defendant was free to do so, or have remanded the action.

14A C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3725 at 423 (2d ed. 1985) (footnotes omitted).

For example, in *Gaitor v. Peninsular & Occidental S.S. Co.,*[1] the plaintiff filed suit in Florida state court. His complaint alleged the amount in controversy was more than $5,000.00. On appeal, the Fifth Circuit remanded the case on the ground that there was no showing that the amount in controversy was greater than the jurisdictional prerequisite at the time of removal. *Id.* at 255.

By contrast, in *Bankers Life & Casualty Co. v. Namie,*[2] an insurance company brought a declaratory judgment action based on diversity jurisdiction to rescind an insurance policy after the defendant made a claim with the company for injuries sustained in a shooting accident. The limits of the policy were in excess of the jurisdiction prerequisite, but at the time suit was filed the amount of the defendant's claim was unclear, although he did state, some months after suit was filed, that his claim at that time was a figure less that the necessary jurisdictional amount. Thereafter, the defendant filed a supplemental affidavit stating that his claim was less than the jurisdictional prerequisite and that he was willing to give up the right to pursue any claim for more than that amount. Nevertheless, on appeal, the Fifth Circuit held that the trial court had jurisdiction because, given that the limits of the policy were in excess of the jurisdictional prerequisites and that the defendant was still being treated by a doctor at the time suit was filed, it could not be said that the defendant was not potentially exposed to liability in excess of the jurisdictional limits. *Id.* 188–89.

In the more recent case of *Fontenot v. Global Marine, Inc.,*[3] the court did not follow either of these rather extreme precedents but instead made its own determination that the amount in controversy was in excess of the jurisdictional requirements. *Id.* at 871 n. 7. This practice is further

1. 287 F.2d 252 (5th Cir.1961).

2. 341 F.2d 187 (5th Cir.1965).

3. 703 F.2d 867 (5th Cir.1983).

supported by the decision in *Kennard v. Harris Corp.*, 728 F.Supp. 453 (E.D.Mich. 1989). In that case, the plaintiff brought a state-court products liability action alleging negligence and breach of warranty, and the defendants removed. The plaintiff's pleadings contained no averment as to the amount in controversy and she refused to stipulate that her damages were less than the jurisdictional prerequisite. Given these facts, the court held that it was entitled to make its own valuation of the claim. After taking judicial notice of the fact that, within the past three years, juries sitting in the same county as the court had, in several product liability actions, returned verdicts well in excess of the jurisdictional prerequisite, the Court held that the amount in controversy was in excess of the jurisdictional minimum and denied the plaintiff's motion to remand.

In the instant case, in the absence of any statement from Plaintiff as to the value of his claim, the Court will look to the statements in the Petition for Removal,[4] and will also make its own evaluation of the claim. Plaintiff has explicitly declined to stipulate that the amount in controversy is less than the jurisdictional limits.[5] In the face of this refusal, the Court will not simply remand this action. This Court has jurisdiction if the amount in controversy is, in fact, more than $50,000.00, and Plaintiff cannot avoid removal simply by refusing to state whether he is seeking more or less than this amount.

Moreover, the Court notes that Plaintiff asserts claims for wrongful termination, negligence, gross negligence, intentional infliction of emotional distress, defamation, and invasion of privacy and seeks both actual and punitive damages. In the Court's view, based on the totality of the circumstances, the amount in controversy is quite large and certainly in excess of $50,000.00.[6] Given this fact, together with Defendants' assertion that the amount in controversy exceeds $50,000.00 and Plaintiff's refusal to make any statement concerning the amount of his claim, the Court concludes that the amount in controversy exceeds $50,000.00 and declines to remand the case.

By the same token, the Court will treat the jurisdictional statement in the Removal Petition as a stipulation that, if liability is established, Plaintiff has at least an arguable claim to damages in excess of $50,-000.00. Just as it would be unfair to deprive Defendants of a federal forum by virtue of Plaintiff's silence as to the amount in controversy, it would also be unfair to deprive Plaintiff of his chosen forum if his damages are less than the jurisdictional prerequisites. Thus, the Court will not look with favor on any argument to the effect that Plaintiff's damages are less than $50,000.00. Indeed if it becomes apparent that his damages are less than $50,000.00, the Court will remand the action *sua sponte*. Moreover, if, at any time, Plaintiff is willing to stipulate that the amount in controversy is less than the jurisdictional prerequisite, Plaintiff need only file such a stipulation with the Court and the Court will remand the case *sua sponte*.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.

---

4. *See, e.g., Kelderman v. Remington Arms Co.,* 734 F.Supp. 1527, 1528 (S.D.Iowa 1990). *See also Hendrickson v. Xerox Corp.,* 751 F.Supp. 175, 176 (D.Or.1990).

5. Thus this case is distinguishable from *Gaitor v. Peninsular & Occidental S.S. Co., supra.*

6. *See, e.g., Diamond Shamrock Ref. & Mktg. Co. v. Mendez,* 844 S.W.2d 198, 199 (Tex.1992) ($460,000.00 jury verdict for employee against employer on false light invasion of privacy and intentional infliction of emotional distress claims); *Wal–Mart Stores, Inc. v. Coward,* 829 S.W.2d 340, 341 (Tex.App.—Beaumont 1992, writ denied) (jury verdict of $521,660.00 in wrongful discharge case).