IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 93-3007
Summary Calendar
_____


DARREN P. MARCEL,

                          Plaintiff-Appellant,

          VERSUS

          POOL COMPANY,

                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____
(October 6, 1993)

Before SMITH, BARKSDALE, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


     Darren Marcel, the plaintiff, appeals a summary judgment entered in favor of the defendant, Pool Company, on the ground that the district court lacked removal jurisdiction for want of the requisite jurisdictional amount and that, in the alternative, if there was jurisdiction, the summary judgment was inappropriate.  Concluding both that there was jurisdiction and that summary judgment was proper, we affirm.


                          I.

     In September 1991, Marcel filed suit in state court against

Pool Company, ABC Insurance Company, and the Estate of Clifford A. Ledet, Jr., alleging injuries as a result of a collision between his car and one driven by Ledet in which Ledet was killed and Marcel was injured. Marcel claimed that Ledet was negligent in crossing the center line of the roadway and that, at the time, Ledet was working within the course and scope of his employment with Pool Company.

Ledet was working a seven-day shift on an off-duty oil rig; he worked a ten-hour shift and was paid only for hours actually worked. Pool Company provided its employees with a meal ticket that enabled them to buy meals at any of three specified restaurants; Pool Company also offered some employees a facility in which to sleep. There was no obligation to use the meal ticket or to stay in the company-provided quarters. At the time of the accident, Ledet, who lived at home, had just left one of the three designated restaurants and apparently was en route to a different restaurant to have breakfast before work.

In accordance with LA. CODE CIV. P. art. 893, Marcel's state court petition claimed no specific money amount of damages. It contained, however, the following allegations:

> . . . Mr. Marcel sustained serious and debilitating injuries for which he has sought medical attention and treatment and has incurred substantial medical expenses.
>
> . . . namely;
>
> a) Past, present and future physical pain and suffering;
>
> b) Past, present and future mental pain and suffering;

2

c)  Past, present and future medical expenses; and

d)  Past, present and future lost wages.

. . .

. . . [T]he defendants are liable unto Darren P. Marcel for exemplary damages as a result of the wanton and reckless disregard for the rights and safety of Darren P. Marcel by Clifford A. Ledet, Jr.

. . . .

Less than a month after the state court petition was filed, Pool Company filed a notice of removal in federal district court, stating, in part, that the district court "has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1)," that the removal was sought pursuant to 28 U.S.C. § 1441(a) and (b), and that

plaintiff alleges he has suffered past, present, and future physical pain and suffering; past, present, and future mental pain and suffering; past, present, and future medical expenses; and past, present, and future lost wages. Plaintiff also seeks exemplary damages, together with interest from the date of judicial demand until paid and all costs of these proceedings, as well as all general and equitable relief.

Approximately nine months later )) in July 1992 )) Marcel filed a motion to remand, stating that he "maintains that the plaintiff stipulates that his claim is not worth the $50,000.00, exclusive of interest and costs, minimal jurisdictional limit of the Court and that, therefore, the Court herein lacks original jurisdiction over this matter."

Pool Company filed a memorandum in opposition to the motion to remand, setting forth, <u>inter alia</u>, the following:

Although discovery is not yet complete, the plaintiff has alleged that he sustained the following inju-

3

ries in connection with the accident:

> Dislocated elbow,
> broken left arm requiring surgery and the insertion of a steel plate and six screws,
> a fractured skull,
> a concussion,
> a lacerated spleen,
> internal bleeding,
> ear problems,
> a bruised pelvis, and
> stitches in his chin.

See Answer to Interrogatory No. 2; a copy of Interrogatories Propounded by Pool to the Plaintiff and the answers to those Interrogatories are attached en globo as Exhibit 2.

The plaintiff was hospitalized for eight days, from April 6, 1991 through April 14, 1991. The medical expenses submitted with the Interrogatories and Request for Production of Documents total $16,310.10. [T]he plaintiff reserved his right to supplement his response . . . . Plaintiff also seeks $5,162.50 in property damage and $6,000.00 in lost wages. Accordingly, the total specified in his discovery responses is $27,472.60. See Answer to Interrogatory No. 17. Plaintiff also seeks damages for pain and suffering and loss of earning capacity, but did not provide any specifics for those figures, stating that they were unavailable and they would be proved at trial. See Answer to Interrogatory No. 17. Thus, plaintiff has specified damages in the amount of $27,472.60. In order to reach the jurisdictional limit, a jury need only award damages in excess of $22,527.40. Additionally, the plaintiff also seeks exemplary damages, which must be taken into account in determining whether the jurisdictional amount is present.

. . . .

A review of the Louisiana jurisprudence did not disclose a case with the plaintiff's exact injuries. A survey of the jurisprudence on each of the plaintiff's injuries, however, establishes that the amount in controversy is significantly more than $50,000.00. [Pool Company here cites cases under Louisiana law[1] in which

---

[1] Mitchell v. Clark Equip. Co., 561 So. 2d 175 (La. App. 5th Cir. 1990) ($400,000 for fractured pelvis and arm and two weeks in hospital); Wilcox v.
(continued...)

awards for similar injuries substantially exceeded $50,000.]

> The plaintiff has alleged that he was seriously injured and the jurisprudence as set forth above indicates there is the possibility he may be awarded significant damages, exclusive of the punitive damages he seeks. Accordingly, defendant has satisfied its burden that it does not appear to a legal certainty that the plaintiff's claim is for less than $50,000.00 . . . .

At the hearing on the motion to remand, Marcel's counsel reiterated his proposed stipulation and offered to file an affidavit to that effect. The court refused to accept a unilateral stipulation but indicated a willingness to consider a stipulation agreed to by all parties. Pending such a joint stipulation, which never materialized, the district court denied the motion to remand.

## II.

Before deciding the propriety of the summary judgment, we must determine whether the district court had jurisdiction to

---

[1](...continued)
Kerr-McGee Corp., 706 F. Supp. 1258 (E.D. La. 1989) ($200,000 for broken wrist requiring several surgeries); Thompson v. Colony Ins. Co., 520 So. 2d 1158 (La. App. 3d Cir. 1987) ($30,000 for contusion and nerve irritation in left arm); Roger v. Cancienne, 538 So. 2d 670 (La. App. 4th Cir.) ($125,000 for elbow injury, scar on arm, and inability to extend arm fully), writ denied, 542 So. 2d 1382 (1989); Black v. United States Fidelity & Guar. Co., 546 So. 2d 285 (La. App. 3d Cir. 1989) ($4,500 for elbow injury); Abernathy v. Spie Group, No. Civ. 89-2100, 1990 U.S. Dist. LEXIS 5582 (E.D. La. May 7, 1990) ($100,000 general damages for fractured skull resulting in dizziness, vertigo, and hearing loss); Riche v. City of Baton Rouge, 541 So. 2d 905 (La. App. 1st Cir. 1988) ($50,000 for skull fracture, concussion, and fractured vertebrae); Treadaway v. Societe Anonyme Louis-Dreyfus, 894 F.2d 161 (5th Cir. 1990) ($85,000 for fractured coccyx and mild concussion); Roberts v. State, 576 So. 2d 85 (La. App. 2d Cir.) ($150,000 for concussion, laceration of lip and chin, and severe fracture of left femur), writ denied, 581 So. 2d 685 (1991); Sexton v. Louisiana Vacuum Servs., 506 So. 2d 780 (La. App. 1st Cir. 1987) ($175,000 for rib and scapula fractures, pneumothorax, and injuries to spleen and mouth).

5

enter it. This depends upon whether the motion to remand was properly denied.

## A.

Our decision is informed by this court's very recent decision in Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia v. Dow Química de Colombia S.A. ("ANPAC"), 988 F.2d 559 (5th Cir. 1993). There, under narrow and somewhat unusual circumstances, we directed a remand on the basis of an attorney's unilateral stipulation, in the form of an affidavit, to the effect that the claim did not exceed $50,000.

In that case, as here, state law (in ANPAC, TEX. R. CIV. P. 47(b)) proscribed the pleading of a specific amount in damages; the approximately 700 plaintiffs, whose damages we held could not be aggregated for purposes of the jurisdictional amount, see 988 F.2d at 563-64, alleged only that "'[d]amages far exceed the minimum jurisdictional limits of this court,'" id. at 562 (brackets added in ANPAC). The reference to minimum jurisdictional amount apparently referred to the threshold of no more than $500 required to bring an action in state district court. See id. at 564 n.4.

The ANPAC defendant removed but provided no more than the conclusionary and unsupported assertion that the amount in controversy exceeded $50,000. The plaintiffs moved to remand supported by an affidavit from their attorney attesting that no individual plaintiff had suffered a loss greater than $50,000.

6

This court reversed the district court's denial of the motion to remand. We observed, first, that "the injuries alleged in the plaintiffs' complaint are not ones that are facially likely to be over the jurisdictional amount. The personal injuries are mentioned only cursorily and referred to as `skin rashes,' and even a fairly sustained loss of income to a small-scale fisherman in Colombia seems unlikely to reach $50,000." Id. at 565.

The court then discussed the test enunciated in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938), to the effect that "a case may be removed unless it `appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" 988 F.2d at 564. The ANPAC panel reasoned as follows: "[W]e . . . cannot say that the claims are necessarily outside of the range that could confer federal jurisdiction. That being the case, the plaintiffs' attorney's affidavit stating that damages are less than $50,000 per plaintiff may be considered by the court in deciding whether remand is proper." Id. at 565.

The court observed that, while under St. Paul Mercury, 303 U.S. at 292, "a plaintiff may not defeat removal by subsequently changing his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached," 988 F.2d at 565, the affidavit in ANPAC merely clarified an ambiguous removal petition. The court recognized the rule of St. Paul Mercury that we evaluate jurisdictional amount as of the

7

moment of removal; as the Court put it, "[S]ubsequent reduction of the amount claimed cannot oust the district court's jurisdiction." Id. at 295. But the ANPAC panel reasoned that the affidavit could be considered because, under the particular circumstances present there, "the [district] court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal." 988 F.2d at 565.

The ANPAC court also declined to give substantial weight to defendant's notice of removal )) the only thing offered in support of the jurisdictional amount )) because it "merely states, without any elaboration, that `the matter in controversy exceeds $50,000 . . . .'" Id.

> The plaintiffs met [defendant's] statement in its removal notice with a sworn affidavit affirming that individual damages were less than $50,000. Nothing submitted by [the defendant] even suggests the contrary. When specifically contested in a motion to remand, bare allegations by the removing party (much less statements in passing) have been held insufficient to invest a federal court with jurisdiction.

Id. at 566 (citations omitted). The court concluded that

> at least where the following circumstances are present, [the removing party's] burden has not been met: (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $50,000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

Id.

8

B.

ANPAC, though controlling authority, is very narrowly drawn and circumscribed and is plainly distinguishable. Under its reasoning and that of the Court in St. Paul Mercury, the district court was correct in denying the motion to remand. Examining the three numbered conditions set forth in ANPAC, we conclude that none of them is present here. While in the present case, as in ANPAC, the complaint did not, and indeed, could not, specify an amount of damages, it is facially apparent here that, based upon the complaint and viewing the case as of the time of removal, the damages easily could exceed $50,000. In fact, any one of several of the injuries alleged )) not to mention the requested exemplary damages )) alone could have topped that amount, and the special damages in Marcel's discovery responses totaled more than half of the requisite $50,000.

Nor is ANPAC's second condition )) that the defendant submitted only a conclusory statement )) satisfied here. Within a month of the filing of the state petition, the defendant filed its notice of removal buttressed by a listing of the types of injury the plaintiff claimed. While the facts in the notice of removal were not at all detailed and were based upon the recitations in Marcel's state petition rather than upon Pool Company's personal knowledge, Pool Company timely conducted discovery and, in response to Marcel's motion to remand, provided a detailed explanation of why it was apparent that the claim almost certainly was for well in excess of the jurisdictional

9

threshold.

The third ANPAC condition was met only in part. While Marcel's counsel offered to stipulate that the claim was for less than the requisite amount and further offered to tender an affidavit to that effect, the stipulation was not unrebutted, as in ANPAC.

We view ANPAC as an unusual case in which the defendant did little to defeat removal. The only specific information shedding light upon the plaintiffs' petition, which itself described injuries unlikely to exceed $50,000, was provided by the affidavit tendered by the plaintiffs.

Nothing in ANPAC suggests that stipulations or affidavits )) from the plaintiffs, their attorneys, or otherwise )) always or even usually should be given effect to defeat removal. Importantly, the Court in St. Paul Mercury, 303 U.S. at 292, held that "though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."

The affidavit was considered in ANPAC only because it "clarif[ied] a petition that previously left the jurisdictional question ambiguous." 988 F.2d at 565. In cases in which, on the other hand, the plaintiff, by whatever means, seeks to reduce, rather than clarify, his demand after removal, the plain language of St. Paul Mercury and the rationale of ANPAC unequivocally bar remand for want of jurisdictional amount.

10

Accordingly, we conclude that more than $50,000 was in controversy as of the time of removal. Marcel's attempt to stipulate to less did not defeat removal, and the district court properly denied the motion to remand.

III.

In a well-written and succinct opinion, <u>Marcel v. Pool Co.</u>, No. 91-3772, 1992 U.S. Dist. LEXIS 18792 (E.D. La. Dec. 9, 1992), the district court granted summary judgment in favor of Pool Company on the ground that Ledet was not in the course and scope of his employment at the time of the accident. The court observed that in Louisiana, "courts have found that employees commuting to and from work are not in the course and scope of their employment unless the employer is paying for travel expenses. <u>Wall v. Brown & Root, Inc.</u>, 535 So. 2d 486, 487 (La. App. 4th Cir. 1989) [, <u>vacated</u>, 540 So. 2d 323 (1989)]; <u>Gordon v. Commercial Union Ins. Co.</u>, 503 So. 2d 190, 194 (La. App. 4th Cir. 1987) [, <u>writ denied</u>, 506 So. 2d 1227 (1987)]." <u>Id.</u> at *3. Since Ledet was on his way from home to work and was not paid for transportation expenses, the court reasoned that he was not in the course and scope of employment.

The district court distinguished <u>Michaleski v. Western Preferred Casualty Co.</u>, 472 So. 2d 18 (La. 1985), because there, the employee lived in employer-provided facilities at the work site, was given a per diem allowance for food and gasoline, and was involved in the accident while driving on his way back to the

11

work site from dinner.  See Reed v. House of Decor, 468 So. 2d 1159, 1161-62 (La. 1985) (setting forth factors to be considered in determining course and scope of employment).

As the district court concluded,

[t]he undisputed evidence here shows that Ledet's travels to and from work were entirely personal activities over which Pool had no control.  Outside of the ten hour work shift to which he was assigned, defendant placed no requirements on Ledet's activities. The mere fact that he was exercising the option to use his employer-provided meal card prior to driving to work clearly represents as to Pool only a marginal connection which is legally insufficient for the imposition of vicarious liability.

1992 U.S. Dist. LEXIS 18792, at *5-*6.  Accordingly, Pool Company can bear no liability in this matter, and the summary judgment is AFFIRMED.