Anna S. JOHNSON

v.

DILLARD DEPT. STORES, INC.

No. 4:93–CV–532–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

Nov. 2, 1993.

Stephen C. Maxwell, Law Offices of Stephen C. Maxwell, Ft. Worth, TX, for plaintiff.

Hartson Dustin Fillmore, III, Fillmore Law Firm, Ft. Worth, TX, for defendant.

### ORDER

MAHON, Senior District Judge.

Now before the Court is Plaintiff Anna S. Johnson's ("Johnson") Motion to Remand to which defendant has responded. After consideration of the motions and the applicable law, the Court makes the following determination.

### FACTS

Johnson originally filed this suit in the 342nd Judicial District Court of the State of Texas, Tarrant County, on April 13, 1993.

Johnson alleges in her state court petition[1] that she sustained injuries as a result of a slip and fall incident in one of defendant's department stores. In accordance with Texas Rule of Civil Procedure 47(b), the petition does not state a specific amount of damages sought by Johnson.

On August 10, 1993, defendant filed its Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b) claiming diverse parties and amount in controversy in excess of $50,000.00. On August 24, Johnson filed a Motion for Remand claiming alternatively: (1) defendant's removal was not timely filed as it was not within 30 days of service of plaintiff's original pleadings pursuant to § 1446(b); and (2) the amount in controversy does not exceed $50,000.00.

## DISCUSSION

### A. Timeliness of Removal

Section 1446(b) sets forth the timeliness requirements necessary for removal. That section states:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by sec-

tion 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

Johnson claims that defendant's removal was not timely as Defendant's Notice of Removal was filed more than thirty days after the time the initial pleading was served upon defendant. 28 U.S.C. 1446(b). On the other hand, defendant argues that since the initial pleading did not disclose a specific amount of damages, the case stated by the initial pleading was not removable and defendant had thirty days from the date defendant received a document or "other paper from which it may first be ascertained that the case is one which is or has become removable."

In a recent Fifth Court decision, *Chapman v. Powermatic, Inc.*, the Court held that the plain language of § 1446 supports the argument which defendant now makes. 969 F.2d 160, 163 (5th Cir.1992). In that case, the Court stated that the receipt of § 1446 "other paper" must occur after the initial pleading and must reveal that the case is removable. *Id.* at 164.

■ Defendant argues that it filed its Notice of Removal within thirty days of its receipt of the following documents: (1) Plaintiff's First Amended Original Petition (received by defendant on July 20, 1993); and (2) Plaintiff's Answers to Defendant's Second Set of Requests for Admissions (received by defendant on August 9, 1993). Defendant asserts that Johnson's answers to the second set of requests for admissions, in conjunction with plaintiff's allegations contained in her amended petition, apprised defendant that "the amount of damages pled by Plaintiff was a colorable sum." The record shows that defendant filed its notice of removal on August 10, 1993, within thirty days of its receipt of these documents. The Court agrees that the two documents cited by defendant qualify as § 1446 "other paper" giving defendant notice that the case was removable. Thus, under § 1446 and *Chapman*, the Court finds that defendant's filing of the Notice of Removal was timely.

---

1. "Petition" is the term designating the original pleading in Texas state court. In the federal system, the original pleading is the "complaint."

### B. *Amount in Controversy*

█ The requirements of a timely-filed removal pursuant to § 1332 are: (1) complete diversity between all plaintiffs and defendants; and (2) amount in controversy in excess of $50,000.00. The removing party bears the burden of establishing the basis for federal jurisdiction. *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253–54 (5th Cir.1961). Further, under *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, a case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Plaintiffs cannot avoid federal jurisdiction by later stipulating to an amount of damages below the minimum jurisdiction because jurisdiction is assessed at the time of removal. *Id.* at 292, 58 S.Ct. at 592.

█ Johnson does not contest the fact that diversity exists in this case, but claims that "it is clear from Plaintiff's amended pleadings and her responses to the Requests for Admissions of Facts that the maximum amount she is claiming in this lawsuit is $50,000.00, and no more." On the other hand, defendant claims that plaintiff has engaged in "artful pleading tricks" in an effort to foreclose . defendant's removal rights granted by Congress to non-resident defendants under § 1332.

Ever since Congress granted non-residents a right of removal to avoid local prejudice, plaintiff's have found ways of pleading around the § 1332 requirements. One common ploy for plaintiff's is the fraudulent joinder of a non-diverse defendant against whom the plaintiff has no valid claim. *See e.g.*, *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992) (district court properly refused to remand when non-removing party had no valid claim against non-diverse party); *Carriere v. Sears, Roebuck and Company*, 893 F.2d 98, 100 (5th Cir.1990) *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990) (remand properly denied because of fraudulent joinder of non-diverse defendant).

Another tactic is to characterize a case as involving equitable claims rather than damages, or artfully pleading, in bad faith, an amount of damages less than the $50,000.00 minimum jurisdictional amount. *See e.g., Marcel v. Pool Company*, 5 F.3d 81 (5th Cir.1993) (remand properly denied where complaint "facially apparent" that damages could easily exceed $50,000.00); *cf. Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559 (5th Cir.1993) (remand should have been granted where complaint did not allege injuries "facially likely" to exceed $50,000.00). Defendant claims that Johnson has fraudulently pleaded an amount less than the minimum jurisdictional amount in § 1332. Thus, the issue becomes: Has the defendant established that Johnson's complaint "facially" alleges damages in excess of $50,000.00?

In *Marcel*, the plaintiff filed suit against Pool Company ("Pool") for injuries sustained in an automobile collision between plaintiff and a Pool employee. In accordance with Louisiana Code of Civil Procedure article 893, Marcel's state court petition did not allege a specific amount of damages. Although all discovery was not complete at the time Pool removed the suit to federal court, Pool cited plaintiff's allegations of injuries and answers to certain discovery requests as proof that plaintiff's claim would exceed $50,000.00. In the discovery, plaintiff had specified $27,472.60 in damages. Thus, argued Pool, a. jury need only award damages in excess of $22,527.40 in order to exceed the federal amount in controversy jurisdictional limit. 5 F.3d at 82–83.

Further, Pool asserted that while "[a] review of the Louisiana jurisprudence did not disclose a case with the plaintiff's exact injuries[, a] survey of the jurisprudence on each of the plaintiff's injuries ... establishes that the amount in controversy is significantly more than $50,000.00." *Id.* Pool then cited cases in which awards for injuries similar to Marcel's exceeded $50,000.00. *Id.*

The *Marcel* court cited *Asociacion Nacional de Pescadores (ANPAC)* as a situation where "under narrow and somewhat unusual circumstances, we directed a remand on the basis of an attorney's unilateral stipulation, in the form of an affidavit, to the effect that the claim did not exceed $50,000." *Id.* at 83. In *ANPAC*, the Court concluded

that at least where the following three circumstances are present, the removing party has not met its burden: (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely to exceed $50,000; (2) the defendants offered only a conclusory statement in the Notice of Removal that was not based upon direct knowledge of plaintiff's claim; and (3) the plaintiffs timely contested the removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present in the case. *ANPAC,* 988 F.2d at 565.

Distinguishing the *ANPAC* precedent, the Court held that none of the three *ANPAC* factors were presented in *Marcel.* The Court concluded that the injuries alleged by Marcel rendered damages that could easily exceed $50,000. In fact, the Court found it significant that "Marcel's discovery responses totaled more than half of the requisite $50,000." 5 F.3d at 84. Moreover, Pool, as the removing party, did not simply offer conclusory statements as the propriety of removal, but instead provided a detailed explanation of why it was apparent that Marcel's claim exceeded $50,000. Pool did this by attaching Marcel's discovery responses to Pool's remand response. Finally, the third circumstance of *ANPAC* was not completely met as Marcel's counsel's offer to stipulate by affidavit that the claim was for less than the jurisdictional amount was not unrebutted as in *ANPAC. Id.*

In the present case, Johnson's petition contains the following allegations with regard to damages: (1) past and future doctor, hospital, and pharmaceutical bills; (2) past and future physical pain, suffering, and anguish; (3) past and future impairment; and (4) "Loss of ability of [sic] enjoy life." Her petition also includes the following statement with regard to her damages: "Plaintiff says that her maximum damages are in the amount of $50,000.00." These damages are the alleged result from the slip and fall in

which Johnson claims she injured her right knee and her back.

By her answer to an interrogatory, the Court notes the following specified damage amounts which Johnson claims have resulted from her injuries:

*INTERROGATORY NO. 4:*

. . . . .

B. How much money damages do you claim to have sustained for each element of damage?

ANSWER:

| | |
|---|---|
| The Medicine Shoppe | $ 329.00 |
| Eckerd Drug | $ 20.19 |
| Harris Methodist Hospital | $ 464.74 |
| Mr. Walid Asfour | $ 305.00 |
| Medical Imaging Lmt. | $1,075.00 |
| Physical pain and suffering (past) | $5,000.00 |
| Physical pain and suffering (future) unknown at this time but at least | $5,000.00 |
| Mental anguish (past) | $5,000.00 |
| Mental anguish (future) unknown at this time but at least | $5,000.00 |
| Impairment (past and future) | $5,000.00 |

These amounts total $27,193.93 and represent a minimum ("unknown at this time but at least") damage amount according to Johnson's answer.

Defendant argues that it has established that the true amount in controversy in this case is, "more likely than not," in excess of $50,000.[2] In support of this proposition, defendant offers four arguments: (1) Texas state rules of procedure do not limit Johnson's recovery to the amount pled in her amended petition; (2) Johnson refuses to waive all damages in excess of $50,000; (3) Johnson has judicially admitted that her damages, exclusive of interests and costs, could be in excess of $50,000; and (4) Johnson's claim of $50,000 apparently does not include future damages.

First of all, the fact that the Texas Rules of Civil Procedure do not limit Johnson's

---

2. Defendant argues the "more likely than not" standard based upon a Sixth Circuit case *Gafford v. General Electric Co.,* 997 F.2d 150 (6th Cir. 1993) which adopts that standard in removal claims of this nature. However, the Fifth Circuit

has not yet adopted such a standard, but uses language of "facially apparent" and "facially likely" in determining the jurisdictional amount in controversy.

recovery to sums pled in her amended petition does not alone give the Court a basis for determining that Johnson's claim exceeds $50,000. In fact, as stated previously, Johnson is not required to plead a specific damage amount under Texas procedural rules, thus the absence of some limitation on her recovery based upon the amounts pled in her petition would be meaningless.

Second, defendant claims that Johnson's refusal to waive any damages which might exceed $50,000.00 supports the defense argument that her damages are likely to exceed that amount. In Request for Admission No. 2 of Defendant's Second Set of Requests for Admission, defendant requested Johnson admit to waive "all damages in excess of $50,-000.00." Johnson denied. Further, defendant cites Johnson's brief in support of her motion to remand in which she states:

It is clear from Plaintiff's amended pleadings and her responses to the Requests for Admissions of Facts that the maximum amount she is claiming in this lawsuit is $50,000.00, and no more. It is obvious that Defendant has attempted as best he [sic] can to force Plaintiff into an admission that her damages could *never* (emphasis original) exceed $50,000.00 *which, naturally, the Plaintiff could not do.* (emphasis added).

Brief of Johnson, pp. 1–2.

Trial courts have considered plaintiff's willingness or reluctance to stipulate to damages less than $50,000 or waiver of damages exceeding $50,000, as a factor in determining whether remand is appropriate. *See, e.g., Callaway v. BASF Corp.,* 810 F.Supp. 191 (S.D.Tex.1993) (where case not remanded on ground that amount in controversy did not meet jurisdictional amount considering plaintiff expressly declined to stipulate to damages less than jurisdictional amount and sought both actual and punitive damages); *see also, Kennard v. Harris Corp.,* 728 F.Supp. 453 (E.D.Mich.1989); *Kelderman v. Remington Arms. Co. Inc.,* 734 F.Supp. 1527 (S.D.Iowa 1990); *Hendrickson v. Xerox Corp.,* 751 F.Supp. 175 (D.Or.1990). However, while this factor is considered by the Court, alone is not reason to deny remand.

Next, defendant claims that Johnson has judicially admitted that her damages, exclusive of interests and costs, could be in excess of $50,000.00. For this, defendant cites Johnson's answers to the second set of requests for admissions. These requests and Johnson's answers are as follows:

3. Plaintiff's damages could be as much as $50,000.01.

ANSWER:

Admit.

4. Plaintiff's maximum damages are in the amount of $50,000.00.

ANSWER:

Admit as to Plaintiff's knowledge of her damages at this time; however, Plaintiff cannot truthfully admit or deny as to what her damages may be in the future.

5. There is a reasonable possibilities [sic] the Plaintiff's damages are in excess of $50,000.00.

ANSWER:

Admit that there is a slight possibility that Plaintiff's damages are in excess of $50,000.00.

Defendant asserts that Johnson's answers to Nos. 3 and 5 above constitute a judicial admission that her damages could be in excess of the $50,000 minimum jurisdictional limit of this Court.

Finally, defendant argues that although her amended petition states that her maximum damages are $50,000, by her answers to defendant's second set of requests for admissions, it is apparent that Johnson's claim of $50,000 does not include future damages. The admissions that defendant cites are Nos. 4 and 6:

4. Plaintiff's maximum damages are in the amount of $50,000.00.

ANSWER:

Admit as to Plaintiff's knowledge of her damages at this time; however, Plaintiff cannot truthfully admit or deny as to what her damages may be in the future.

6. Plaintiff's allegations, to wit, that "her maximum damages are in the amount of $50,000," constitutes a true and complete

disclosure of Plaintiff's maximum damages.

ANSWER:

Admit as to Plaintiff's knowledge of her damages at this time; however, Plaintiff cannot truthfully admit or deny as to what her damages may be in the future.

Defendant asserts that the *"what her damages may be in the future"* language indicates that plaintiff's known maximum damages are $50,000.00, but her future damages will exceed that amount.

The Court is convinced that defendant has more than met its burden as the removing party. As in *Marcel,* defendant in this case has shown that none of the *ANPAC* circumstances exist such that removal would be improper. First, it is facially apparent from her petition that the injuries alleged by Johnson could exceed $50,000. Just as in *Marcel,* Johnson's discovery responses disclose that her known damages at this time ($27,193.93) total more than half of the requisite jurisdictional amount. For her back and knee injuries, Johnson alleges past and future doctor, hospital, and pharmaceutical bills, past and future physical pain, suffering, and anguish, past and future impairment, and loss .of her ability to enjoy life. Compensation for these damages could exceed $50,000.00.

Second, defendants in this case have not simply provided the Court with a conclusory statement to the effect that Johnson's claim exceeds the requisite jurisdictional amount. Instead, defendants' response to Johnson's motion for remand consists of a detailed brief, thoroughly researched and well-written, with copies of Johnson's discovery responses and pleadings which indicate the propriety of removal.

Finally, the third element of *ANPAC* is not met at all in the present case. Not only has Johnson failed to submit a sworn, unrebutted affidavit indicating that the requisite amount in controversy is not present, she has refused to stipulate that her damages do not exceed $50,000, and she has refused to waive any damages in excess of that amount. In fact, the discovery responses attached to defendant's motion reveal that Johnson has been attempting to artfully dodge the removal requisites by conditionally admitting her damage amounts always with the provision that such amounts could exceed $50,000 in the future. This presents the exact opposite factor of the third circumstance in *ANPAC* and, as such, supports removal rather than remand.

## CONCLUSION

The Court finds that the requisites for removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, have been met. For the reasons stated above, the Court is of the opinion that Johnson's motion to remand should be denied.

It is ORDERED that Plaintiff's Motion to Remand is hereby DENIED.