# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20561
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2016

Lyle W. Cayce
Clerk

FELICIA CARTER; ANGELLIA DOZIER; NEVALYN FARLEY,

      Plaintiffs - Appellants

v.

WESTLEX CORPORATION; MCCALL-TL, INCORPORATED; PARK
PLACE LX OF TEXAS, LIMITED; TOYOTA MOTOR SALES USA,
INCORPORATED,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3644

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

    Plaintiffs–Appellants own vehicles that have suffered heat damage and filed this action individually and on behalf of a putative class of all Texas residents whose vehicles have suffered similar damage, alleging various theories of recovery. Defendants–Appellees removed this case to federal court,

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20561

asserting that federal jurisdiction existed under the Class Action Fairness Act. Plaintiffs moved to remand the case to state court, but the district court denied the motion. Plaintiffs appeal, arguing that Defendants failed to establish that the amount in controversy exceeded the $5 million threshold as required by the Class Action Fairness Act when Defendants introduced evidence of the average costs of repairing class members' vehicles and calculated a total amount in controversy of over $5 million. Because the district court committed no error in relying on the evidence and calculations of Defendants, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs–Appellants Felicia Carter, Angellia Dozier, and Nevalyn Farley (collectively, "Plaintiffs") filed suit against Toyota Motor Sales USA, Inc., ("TMS") and several dealerships (collectively, "Defendants") in Texas state court on November 6, 2014. Plaintiffs asserted, *inter alia*, claims of products liability, fraud, and breach of implied warranty based on alleged heat damage to the dashboards and other interior components of their Lexus and Toyota vehicles. Plaintiffs filed this action individually and on behalf of a putative class of all Texas residents who own a Toyota or Lexus vehicle that suffered from the alleged heat damage. Plaintiffs alleged that the putative class consisted of more than one thousand members, and although they did not specify a particular amount in controversy, Plaintiffs alleged that the collective damages exceeded $100,000.

Defendants timely removed the case on December 19, 2014, arguing in their notice of removal that the district court had subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). Defendants contended that CAFA jurisdiction existed because at least one member of the putative class was a citizen of a different state than at least one defendant and that the aggregate number of class members was at least 100. Defendants also argued

2

that the amount in controversy for all putative class members exceeded $5 million.

Defendants based their argument that the amount in controversy exceeded $5 million on the declaration of Mark Rhymer, who was the manager of the Body B/C Group in Customer Quality Services at TMS. Based on personal knowledge, he stated that the average cost to repair a heat-damaged dashboard on a Toyota or Lexus vehicle was "approximately $1,215.45" and that the cost to repair a heat-damaged door panel was "approximately $1,663.42." Noting that the average cost vehicle owners must pay was higher (because of the cost of parts), Defendants calculated that the total economic damages Plaintiffs placed in controversy were at least $2,881,737.[1] Noting that Plaintiffs also requested exemplary damages, Defendants calculated that at least $5,763,474 in exemplary damages were in controversy under Texas law, which limits exemplary damages to twice the amount of economic damages. Finally, Defendants noted that Plaintiffs requested attorney's fees and, using twenty percent of total damages as a conservative benchmark, argued that attorney's fees pushed the amount in controversy well beyond $5 million.

On January 14, 2015, Plaintiffs moved to remand the case to state court, challenging Defendants' damages calculations and arguing that the amount of potential damages was not in excess of $5 million. In doing so, Plaintiffs did not challenge specific components of Defendants' damages calculations or submit any evidence of their own. The district court denied the motion to remand on March 17, 2015. After Plaintiffs filed an amended complaint,

---

[1] Defendants calculated this total cost based on 1,001 class members, as Plaintiffs alleged that the putative class exceeded 1,000 members. Defendants calculated a total of at least $2,881,737, but we note that: 1,001(1,215.45 + 1,663.42) = 2,881,748.87.

No. 15-20561

Defendants moved to dismiss the amended complaint.[2]  The district court granted Defendants' motion to dismiss, dismissing all of Plaintiffs' claims with prejudice on August 26, 2015.  Plaintiffs timely appealed.  On appeal, Plaintiffs challenge only the district court's denial of their motion to remand.

## II. STANDARD OF REVIEW

"CAFA gives federal courts jurisdiction over certain class actions . . . ." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552, (2014). This court reviews a district court's denial of a motion to remand for lack of jurisdiction under CAFA *de novo.  Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 796 (5th Cir. 2007); *see also Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 408 (5th Cir. 2014).  Although federal courts often apply what the Supreme Court has called a presumption against removal, *see, e.g.*, *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."), the Court has clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart*, 135 S. Ct. at 554.

## III. CAFA JURISDICTION WAS PROPER

Because Plaintiffs have only challenged the district court's conclusion that Defendants established jurisdiction under CAFA on appeal, we only address whether the district court erred by not remanding this case to state court.  Relevant to the instant case, CAFA grants subject matter jurisdiction to federal courts over a case where "the matter in controversy exceeds the sum or value of $5,000,000, . . . any member of a class of plaintiffs is a citizen of a

---

[2] As part of their motion to dismiss, Defendants noted that TMS had voluntarily agreed to extend the warranties of the affected vehicles to offer repairs for heat-damaged components, thereby mooting Plaintiffs' claims.

No. 15-20561

State different from any defendant," and "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100." 28 U.S.C. § 1332(d)(2), (5)(B). Plaintiffs challenge only the district court's conclusion that the amount in controversy exceeded $5 million, arguing that Defendants' amount-in-controversy estimates, on which the district court relied, were grossly inflated.[3] We disagree and find no error in the district court's conclusion that jurisdiction under CAFA was appropriate in this case. Remand to state court was, therefore, not required.

In *Dart*, the Supreme Court outlined the procedures and standards for asserting, challenging, and evaluating allegations concerning the amount in controversy for putative class actions removed under CAFA. First, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart*, 135 S. Ct. at 554, and this "allegation should be accepted when not contested by the plaintiff or questioned by the court," *id.* at 553; *see also* 28 U.S.C. § 1446(a). Next, "[i]f the plaintiff contests the defendant's allegation," then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 135 S. Ct. at 553–54; s*ee also* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval . . . is proper on the basis of an amount in controversy asserted [by the defendant] if the district

---

[3] We note that the district court committed no error in concluding that CAFA's other jurisdictional requirements were satisfied in this case. Plaintiffs are citizens of Texas while TMS is a citizen of California, so minimal diversity exists here. *See* 28 U.S.C. § 1332(d)(2)(A). The proposed plaintiff class exceeds 100, as Plaintiffs propose a class of over 1,000 individuals. *See* 28 U.S.C. § 1332(d)(5)(B). We further note that the "local controversy" exception to jurisdiction under CAFA does not defeat jurisdiction here. *See* 28 U.S.C. § 1332(d)(4)(A). Because a "class action has been filed asserting the same or similar factual allegations against any of the defendants," the district court was not required to decline CAFA jurisdiction in this case. 28 U.S.C. § 1332(d)(4)(A)(ii); *see Perez v. G.F.B. Enters., L.L.C.*, No. 15-cv-21172-KING (S.D. Fla. filed Mar. 25, 2015) (involving a class action in which the plaintiffs assert similar allegations against some of the defendants in the instant case).

No. 15-20561

court finds, by the preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional threshold].").

Here, Plaintiffs contested Defendants' allegations as to the amount in controversy. But in doing so, Plaintiffs introduced no evidence of the amount in controversy themselves, and on appeal they only criticize Defendants' evidence and the way in which the district court interpreted that evidence. Defendants' primary evidence was the declaration of Mark Rhymer. Rhymer stated, based on personal knowledge, that the average costs to repair a heat-damaged dashboard and door panel were approximately "$1,215.45" and "$1,663.42," respectively. Based on there being 1,001 class members and assuming each member required both repairs, Defendants calculated a total of at least $2,881,737 in economic damages and, based on Texas law limiting exemplary damages to twice the amount of economic damages, a total of at least $5,763,474 in exemplary damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.008(b) (allowing up to "two times the amount of economic damages" in exemplary damages). We see no error in the district court's conclusion that Defendants established, by a preponderance of the evidence, that the amount-in-controversy requirement was satisfied.

Plaintiffs first criticize Defendants' amount-in-controversy calculations as based solely on the unsupported, general, and conclusory declaration of Rhymer. However, Rhymer stated that he had personal knowledge of matters related to the repair of heat-damaged vehicle interiors, and Plaintiffs have introduced no evidence of any kind to suggest that Rhymer's estimates were inaccurate. Accordingly, the district court committed no error in relying on these estimates. Plaintiffs further criticize Defendants' estimates as based on the assumption that each class member would require both dashboard and other interior component repairs when Plaintiffs never alleged that all class members would require both types of repairs. However, in their state court

6

complaint, Plaintiffs clearly alleged that class members "suffered damage to the dashboard *and* various interior components" and that members "required repairs to the dashboard *and* interior" components.  Given these allegations, we find no error in the district court's reliance on Defendants' calculations based on all class members requiring both types of repairs.  *See Robertson v. Exxon Mobil Corp.*, No. 15-30920, 2015 WL 9592499, at \*2 (5th Cir. Dec. 31, 2015) (noting that the required demonstration of the amount in controversy concerns "everything [the plaintiff] seeks," not only what "the plaintiff is likely to win" (quoting *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010) (per curiam) (unpublished)).

Plaintiffs also fault Defendants for including the maximum amount of exemplary damages in their amount-in-controversy calculations.  As the court in *Robertson* explained, it is "what the plaintiff is claiming" and not what "the plaintiff is likely to . . . be awarded" that determines whether CAFA's jurisdictional amount requirement is satisfied.  *Id.* at \*2 (quoting *Berniard*, 481 F. App'x at 862); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1337 (5th Cir. 1995) (including punitive damages in the amount-in-controversy calculation).  We find no error in including exemplary damages in the amount-in-controversy calculation.  Because we agree with Defendants that the combined economic and exemplary damages sought by Plaintiffs exceeded CAFA's jurisdictional threshold, we need not and do not consider what amount of attorney's fees, if any, should be included in the amount-in-controversy calculation.

Plaintiffs also argue that Defendants' decision to voluntarily extend the warranties of vehicles affected by heat damage reduces the amount in controversy.  This argument is unpersuasive because the existence of the "warranty enhancement program" did not affect what Plaintiffs sought in this case—the plaintiffs continued to seek economic and exemplary damages after

the establishment of this program. *See Robertson*, 2015 WL 9592499, at \*2 (noting that the amount in controversy is based on what the plaintiff seeks). Even if we were to accept Plaintiffs' argument that the existence of this program affects the amount-in-controversy calculation, repairs under this program did not become available until after this case was removed. As the Supreme Court has explained "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938); *see also Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993) ("[W]e evaluate jurisdictional amount as of the moment of removal").[4]

Overall, Plaintiffs failed to introduce any evidence suggesting that Defendants' evidence presented an inaccurate picture of the amount in controversy, and Plaintiffs have not demonstrated that the district court incorrectly interpreted Defendants' evidence or calculations. Accordingly, we hold that the district court committed no error in concluding that jurisdiction under CAFA was proper or in denying Plaintiffs' motion to remand.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[4] Finally, Plaintiffs contend that Defendants' admission in a separate but related litigation that it was unclear whether the amount in controversy exceeded $5 million in that case demonstrates that the jurisdictional amount requirement was not satisfied here. We do not address this argument because it was not properly raised in the district court. *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994) ("If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal.").