**Roger KELDERMAN, Plaintiff,**

v.

**REMINGTON ARMS COMPANY, INC., Defendant.**

**Civ. No. 90–0078–A.**

United States District Court, S.D. Iowa, C.D.

April 30, 1990.

**1528**

Jerrold Wanek of Garten & Wanek, Des Moines, Iowa, for plaintiff.

William J. Koehn and Christopher P. Jannes of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, Iowa, for defendant.

## ORDER

WOLLE, District Judge.

The issue before the court is whether the amount in controversy is sufficient to support removal jurisdiction in this case, originally filed in the Iowa District Court for Mahaska County. Plaintiff alleged in his state court petition that he was "seriously injured" and claimed damages for past and future medical expenses, lost wages and future earnings, past and future lost function of mind and body, past and future pain and suffering, and loss of personal property. Plaintiff's state court petition did not state a specific amount of damage, *see* Iowa R.Civ.P. 69(a) (a pleading "shall not state the specific amount of money damages sought but shall state whether the amount of damages is more or less than the [Iowa court's] jurisdictional amount"), but stated the value to be "a substantial sum to be determined by a jury—the amount of which exceeds small claims jurisdiction." Defendant removed the case to this court on the basis of diversity jurisdiction, claiming the amount in controversy exceeds $50,000. Plaintiff asserts that remand is proper because he does not yet know if the damages he seeks exceed $50,-000.

■ This court has an obligation to make a factual inquiry into the amount in controversy here. *See Corwin Jeep Sales v. American Motors Sales,* 670 F.Supp. 591 (M.D.Pa.1986); *Rollwitz v. Burlington N. R.R.,* 507 F.Supp. 582, 587 (D.Mont. 1981) (when removability contested by timely motion to remand the district court has obligation to make a factual inquiry into that issue). Neither plaintiff nor defendant, however, has filed affidavits supporting its position.

■ Plaintiff contends defendant has the burden to prove facts supporting jurisdiction, since defendant removed the case to this court. Plaintiff argues that an element of the jurisdictional facts is proof that plaintiff's claim is for more than $50,-000. This argument, if sound, would place defendant in the awkward position of embracing a concession on the important issue of damages. But defendant need not go that far. Defendant has satisfied its initial burden of showing that the pleaded claim may exceed the jurisdictional amount of $50,000. Defendant points out that plaintiff's petition includes an extensive listing of the items on which his personal injury claim is based, including alleged disability and pain. Defendant's removal petition states that "the amount in controversy between the parties is in excess of $50,000." Defendant thereby has satisfied its initial burden of demonstrating that the case as pleaded meets the jurisdictional requisites.

Plaintiff was in a superior position to demonstrate by evidence that he has not been and is not claiming $50,000 in damages. At oral argument plaintiff's counsel refused to make such a concession.

This court has jurisdiction by reason of the amount in controversy and diversity of citizenship between the parties.

Plaintiff's resisted motion to remand this case to the Iowa District Court for Mahaska County is denied.

IT IS SO ORDERED.