Maxima G. **AUCINA,** Plaintiff,

v.

**AMOCO OIL COMPANY,** Defendant.

No. 4–94–CV–80809.

United States District Court,
S.D. Iowa,
Central Division.

Dec. 30, 1994.

---

Thomas J. Reilly of Thomas J. Reilly Law Firm, P.C., Des Moines, IA, for plaintiff.

Charles E. Gribble and Pamela J. Prager of Whitfield & Eddy, P.L.C., Des Moines, IA, for defendant.

## ORDER

WOLLE, Chief Judge.

Before the court is plaintiff's motion to remand this case to the Iowa District Court for Polk County. 28 U.S.C. § 1447(c). Defendant filed a resistance to the motion on December 29, 1994. The court denies the motion to remand.

In challenging removal jurisdiction plaintiff concedes the parties are citizens of different states, but she contends less than the jurisdictional amount in controversy is at stake. 28 U.S.C. § 1332(a) (amount in controversy must exceed $50,000 and parties must be citizens of different states).

Plaintiff alleged in her state court petition that defendant discriminated against her and wrongfully discharged her. She sought compensatory damages, punitive damages, attorney fees, costs, and interest. Because Iowa Rule of Civil Procedure 69(a) precludes a plaintiff from requesting a specific amount of money damages, plaintiff alleged in her petition only that her "damages exceed the jurisdictional requirement." (Notice of Removal, Ex. B at ¶ 11.)

When defendant removed the case to this federal court based on diversity of citizenship pursuant to Title 28, United States Code, Section 1441(a), defendant's notice of removal asserted "[t]he amount in controversy . . . exclusive of interest and costs, exceeds $50,-000.00." (Notice of Removal at ¶ 6.) The day after defendant filed its notice of removal plaintiff asked defendant to admit that "[i]f the plaintiff was damaged by the Defendant's conduct, the plaintiff's damages exceed $50,-000, excluding interests [sic] and costs." (Pl.'s Br., Ex. B.) Defendant denied the request. Plaintiff now argues that this new evidence, defendant's denial that the amount

in controversy exceeds $50,000, destroys diversity jurisdiction.

■ The party seeking to remove a case based on diversity jurisdiction has the burden to establish the jurisdictional amount in controversy exists based on the record at the time of removal. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Hatridge v. Aetna Casualty & Surety Co.,* 415 F.2d 809, 814–15 (8th Cir.1969). Where a suit is commenced in state court there is a strong presumption that the plaintiff has not claimed an amount sufficient to establish federal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 290, 58 S.Ct. 586, 590–91, 82 L.Ed. 845 (1938).

■ Courts have come to differing conclusions regarding the standard for a removing defendant's burden to prove the amount in controversy when the plaintiff seeks an unspecified amount of damages. *E.g., United Food Local 919 v. Centermark Properties,* 30 F.3d 298, 305 (2d Cir.1994) (party asserting jurisdiction has the burden to show the amount in controversy by a reasonable probability); *De Aguilar v. Boeing Co.* 11 F.3d 55, 58 (5th Cir.1993) (preponderance of the evidence standard); *Gafford v. General Elec. Co.,* 997 F.2d 150, 158 (6th Cir.1993) (collecting cases and settling on the preponderance of the evidence standard); *cf. Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994) (where plaintiff requested $45,000 in damages in state court defendant had a "heavy burden" to prove removal jurisdiction). Where the jurisdictional facts are challenged, the removing party must support the facts with "competent proof" and "justify [its] allegations by a preponderance of the evidence." *See United Food Local 919,* 30 F.3d at 305 (quoting *McNutt,* 298 U.S. at 189, 56 S.Ct. at 785); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 565–67 (9th Cir.1992). If the pleadings alone are inconclusive the court may look to other evidence in the record to determine whether the amount in controversy is met. *United Food Local 919,* 30 F.3d at 305. Here plaintiff has challenged the jurisdictional facts. This court has an obligation to make a factual inquiry into the amount in controversy. *See Kelderman v.*

*Remington Arms Co., Inc.* 734 F.Supp. 1527, 1528 (S.D.Iowa 1990). The court concludes defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $50,000.

To support its claim that this case meets the diversity requirements, defendant points out that plaintiff seeks punitive damages. Defendant is a Fortune 500 Company. Because the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, it is apparent plaintiff's claim for punitive damages alone might exceed $50,000. Additionally defendant points out plaintiff also claims damages for lost wages, lost benefits, and mental anguish.

■ Plaintiff argues that defendant's denial after notice of removal has already been filed destroys diversity jurisdiction. (Pl.'s Br. at 2.) The court disagrees. Events that occur after suit has been filed "do not oust jurisdiction" once it has attached. *St. Paul Mercury Indem. Co.,* 303 U.S. at 290, 58 S.Ct. at 591. Plaintiff has not filed an affidavit stating the amount in controversy does not exceed $50,000. She relies solely on defendant's refusal to admit that if she establishes she is entitled to damages then she is entitled to more than $50,000 in damages. Plaintiff is trying to "place defendant in the awkward position of embracing a concession on the important issue of damages" to establish the jurisdictional requirements for diversity. *Kelderman,* 734 F.Supp. at 1528. Defendant need not do so. Defendant has satisfied its burden of showing the case meets the jurisdictional requirements.

The court has jurisdiction over this case based on the amount in controversy and the parties' diversity of citizenship. The court denies plaintiff's motion to remand this case to the Iowa District Court for Polk County.

IT IS SO ORDERED.