**Judith ROBERTS, Keith Smith and Shannon Smith Plaintiffs**

v.

**CHANDALEUR HOMES INC. and Dynex Financial, Inc. Defendants**

**No. CIV.A. 4:02CV86LN.**

United States District Court, S.D. Mississippi, Eastern Division.

July 5, 2002.

Don O. Rogers, Wilbourn, Rogers & Scarborough, Meridian, MS, for Plaintiffs.

Norman G. Hortman, Jr., Leslie P. Barry, Gibbes, Graves, Mullins, Hortman, Harlow, Martindale & Jones, PLLC, Laurel, MS, William H. Leech, Beth L. Orlansky, McGlinchey Stafford, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiffs, pursuant to 28 U.S.C. § 1447, to remand this case to the Circuit Court of Lauderdale County, Mississippi. Defendants have responded in opposition,

and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion should be denied.

On March 8, 2002, plaintiffs Judith Roberts, Keith Smith and Shannon Smith filed this suit in the Circuit Court of Lauderdale County, Mississippi against defendants Chandaleur Homes, Inc. and Dynex Financial, Inc., alleging breaches of express and implied warranties arising out of the sale of a mobile home to Roberts and seeking recovery under both state law and under the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301–2312. Defendants removed the case to this court on May 10, 2002. It is undisputed that there is complete diversity of citizenship between the parties. Plaintiffs contend in their motion to remand, though, that neither the $75,000 amount in controversy required for federal diversity jurisdiction under 28 U.S.C. § 1332 nor the $50,000 amount in controversy required for jurisdiction under the Magnuson–Moss Warranty Act[1] is present. For the reasons that follow, the court disagrees, and concludes that it has subject matter jurisdiction. Therefore, plaintiffs' motion to remand will be denied.

By their complaint, plaintiffs seek, *inter alia,* rescission of "the Purchase Agreement ... and all notes, financing agreements and liens given to defendants on the purchase of the Chandaleur home." Defendants argue that the value of the relevant financing agreement in the present case is well in excess of even the $75,000 diversity amount in controversy requirement, assuming that interest payable under the agreement is included in the computation thereof. Defendants have attached to their response a copy of a Retail Installment Contract and Security Agreement which provides that, while the amount financed for the purchase of the mobile home was $30,496, the total payments, including interest, required under the agreement are in excess of $120,398. The crucial issue is, thus, whether interest required under the financing agreement should be included in determining the amount in controversy in the present case. In the court's opinion, the interest payable under the mortgage agreement in the present case is, in fact, included in determining the value of the plaintiffs' action to rescind that agreement.

Federal law provides the district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, "exclusive of interest and costs." 28 U.S.C. § 1332(a). The Magnuson–Moss Act's $50,000 amount in controversy requirement likewise excludes interest and costs from the computation of the value of the plaintiffs' Magnuson–Moss claim. 15 U.S.C. § 2310(d)(3)(B). Congress's apparent purpose in excluding "interest" was to prevent a plaintiff from delaying the commencement of suit merely to accumulate the necessary amount for federal jurisdiction. *Maryland Nat'l Bank v. Nolan,* 666 F.Supp. 797, 798 (D.Md.1987). Interpret-

---

1. The Magnuson–Moss Act requires that the amount in controversy exceed $50,000 to establish federal jurisdiction, but there is no diversity requirement set forth in the Act. 15 U.S.C. § 2310(d). The Fifth Circuit has concluded that the amount in controversy for purposes of the Magnuson–Moss Act does not include damages flowing from any pendent state law claim brought by a plaintiff. *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1069 (5th Cir.1984). Moreover, the Fifth Circuit in *Boelens* noted that damages recoverable in Magnuson–Moss actions do not include certain elements of damages, most notably personal injury damages, which are generally available in civil actions. *Id.* Given that the economic value of the contract in the present case is well in excess of $50,000, however, the court concludes that the Magnuson–Moss Act's amount in controversy requirement is met.

ed literally, the statute would bar consideration of interest in any form in determining the requisite amount in controversy. However, a distinction has been drawn between interest "as such" and the use of an interest calculation as an instrumentality in arriving at the amount of damages to be awarded on the principal demand. *Brown v. Webster*, 156 U.S. 328, 329–30, 15 S.Ct. 377, 377, 39 L.Ed. 440 (1895).

In *Edwards v. Bates County*, 163 U.S. 269, 273, 16 S.Ct. 967, 969, 41 L.Ed. 155 (1896), for example, the United States Supreme Court held that, for purposes of calculating the adequacy of the amount in controversy under a predecessor statute to 28 U.S.C. § 1332(a), the circuit court should have included the value of the matured interest coupons attached to the bonds issued by the defendant. The Second Circuit has concluded, based on *Edwards*, that where "interest is owed as part of an underlying contractual obligation, unpaid interest becomes part of the principal for jurisdictional purposes." *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2nd Cir.1994). *See also Parris v. Mego Mortgage Corp.*, 14 Fed. Appx. 394, 396–97, 2001 WL 857198, *2 (6th Cir. June 21, 2001) (holding that the amount in controversy included both the principal and the interest payable over the life of the contract); *Robichaux v.*

*Glorioso*, 2000 WL 1171119, *2 (E.D.La. Aug.16, 2000) (recognizing that "interest on a note prior to maturity, and therefore payable according to the terms of the note, is a part of the amount in controversy") (citing *Greene County v. Kortrecht*, 81 F. 241 (5th Cir.1897)) [2]

Under applicable Fifth Circuit authority, where a plaintiff seeks to rescind or otherwise declare a contract to be unlawful, the amount in controversy is judged by the consequences of such rescission or declaration on all litigants. In *Duderwicz v. Sweetwater Savings Association*, 595 F.2d 1008, 1014 (5th Cir.1979), the court concluded that where the plaintiffs filed suit arising out of allegedly usurious loan agreements, "the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover, but by the judgment's pecuniary consequence to those involved in the litigation." [3]

Although *Duderwicz* did not involve the same context as here, the Fifth Circuit's determination that the amount in controversy in an action to rescind a contract is based on the "pecuniary consequence [of rescission] to those involved in the litigation" appears equally applicable in the present context. *Id.* In their complaint, plaintiffs seek to rescind a contract which,

**2.** Defendants do cite an unpublished opinion from District Judge Dan M. Russell, in which Judge Russell concluded that the amount in controversy was met in an action to rescind a contract. *Vice v. Classic Homes of Gautier, Inc.*, No. 1:99CV432RG (S.D.Miss.2000). While Judge Russell did conclude in *Vice* that the "value of the contract at issue which the Plaintiffs seek to rescind is $60,180.20" and that the $ 50,000 Magnuson–Moss amount in controversy was therefore met, the opinion did not indicate whether interest was included in the "value of the contract."

**3.** In *Duderwicz*, the Fifth Circuit rejected the appellees' argument that the amount in con-

troversy should be measured solely by the "interest already paid by appellants on their respective notes," *Duderwicz*, 595 F.2d at 1012, concluding instead that

the pecuniary consequence of a finding that the transactions are tainted with usury would be forfeiture of all interest charged or contracted to be charged under the notes. These amounts being in excess of $10,000, the district court had subject matter jurisdiction.

*See also New York Life Ins. Co. v. Swift*, 38 F.2d 175 (5th Cir.1930) (concluding that, in action to rescind insurance contract, full face value of insurance contract is relevant for determining amount in controversy).

barring rescission, would require them to pay in excess of $120,000 to defendants. If the rescission sought by plaintiffs is granted, then the "pecuniary consequence to those involved in the litigation" of such rescission would be well in excess of $75,000. The court thus concludes that both the $50,000 Magnuson–Moss amount in controversy requirement and the $75,000 diversity amount in controversy requirement are met in the present case. The motion to remand will therefore be denied.

Accordingly, it is ordered that plaintiffs' motion to remand is denied.