**Randy and Anita SHAFFER Plaintiffs**

v.

**PALM HARBOR HOMES, INC.,
et al. Defendants**

**No. 1:03CV266–D–D.**

United States District Court,
N.D. Mississippi,
Eastern Division.

March 22, 2004.

Alwyn Hall Luckey, Alwyn Luckey, Attorney, Ocean Springs, MS, for Plaintiffs.

Roland F. Samson, III, Samson & Powers, PLLC, Thomas E. Vaughn, Allen Vaughn Cobb & Hood, P.A., Gulfport, MS, for defendants.

## OPINION DENYING PLAINTIFFS' MOTION TO REMAND

DAVIDSON, Chief Judge.

Presently before the Court is the Plaintiffs' motion to remand this matter to the Circuit Court of Clay County, Mississippi. Upon due consideration, the Court finds that the motion should be denied.

### A. Factual Background

This action, originally filed in the Circuit Court of Clay County, Mississippi, was removed by the Defendants under the authority of 28 U.S.C. § 1331, federal question jurisdiction. The Defendants assert that this Court has federal question jurisdiction because the Plaintiffs' complaint includes a claim brought under the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301 et seq.

The Plaintiffs initiated this dispute for alleged defects in their mobile home. The Defendants are Palm Harbor Homes, Inc., the manufacturer, and Fleetwood Retail Corporation of Mississippi, the seller of the home. The Plaintiffs' complaint includes eleven separate claims one of which is for violation of the Magnuson–Moss Warranty Act. The parties recognize that a claim based on the Act may provide the basis for federal jurisdiction if, *inter alia,* the amount in controversy is present. However, the parties contentiously disagree as to whether the Act's requisite amount in controversy has been satisfied.

### B. Standard for Review

 At a glance the petition would appear to raise a federal question by referencing the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301 et seq. However, reference to a federal statute does not, in and of itself, confer federal jurisdiction. *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.,* 276 F.3d 683, 687 (5th Cir.2001). In order to determine if a case is properly in a federal forum, the court must look to the

"plaintiff's well-pleaded complaint" to see if it raises a federal question. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule" which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pled complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). The removing defendants bear the burden of establishing that federal jurisdiction actually exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). Any ambiguity in the pleadings should be resolved-in favor of remand. *Greer v. MAJR Fin. Corp.*, 105 F.Supp.2d 583, 591 n. 6 (S.D.Miss.2000).

■■■ Of course, a plaintiff wishing to avoid federal jurisdiction "may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 593, 82 L.Ed. 845 (1938). The face of a plaintiff's complaint will not control if made in bad faith. *De Aguilar*, 47 F.3d at 1410. Assuming the removing party is able to demonstrate that the requisite amount in controversy is present, removal is deemed proper, unless the plaintiff shows that, as a matter of law, it is certain that he will not be able to recover more than the jurisdictional minimum. *Id.* at 1411; *Bland v. Fleet Fin., Inc.*, No. 1:02CV442–D–D, 2003 WL 22244407 at *2 (N.D.Miss.2003).

In the case *sub judice*, the Plaintiffs contend that the amount in controversy has not and cannot be met. Conversely, the Defendants fervently argue that the Plaintiffs are only now attempting, in bad faith, to limit their damages. Therefore, the Defendants insist that the amount in controversy is present and this Court should retain jurisdiction.

## C. Discussion

■■■ The Magnuson–Moss Warranty Act creates a cause of action for a breach of an express or implied warranty and governs the contents of such warranties. *See,* 15 U.S.C. §§ 2301 *et seq.* The Act allows a consumer aggrieved by another party's failure to comply with the statute to bring a civil action in federal court if the amount in controversy is no less than $50,000, exclusive of interests and costs. 15 U.S.C. § 2310(d)(3)(B). The amount in controversy is deemed satisfied if stated, in good faith, on the face of the complaint. *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir.1984) (attorney's fees and damages for personal injury are not to be included to establish the jurisdictional amount).

■■■ However, in order to take advantage of federal jurisdiction when the plaintiff seeks an unspecified amount of damages, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *De Aguilar*, 47 F.3d at 1408. To accomplish this, the Defendants may (1) demonstrate that it is facially apparent that the claims are likely above the jurisdictional minimum, or (2) set forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). The jurisdictional amount must be determined at the time of removal and any post-petition affidavits are allowable only in limited circumstances. *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir.1993). Post-removal affidavits may be considered where the complaint "left the jurisdictional question ambiguous," since under the circumstances the court is still examining the

jurisdictional facts. *Id.* at 565. Nevertheless, post-removal events cannot deprive the court of jurisdiction once it has attached. *Id.*

■ In opposition to the motion to remand, the Defendants have presented compelling evidence which demonstrates that the Plaintiffs' Magnuson–Moss claim is at least $50,000. Specifically, the Defendants offer that the actual purchase price of the mobile home was $69,316.34, well beyond the jurisdictional amount. After financing, the expected repayment value is calculated to be $159,261.60. In addition, the Plaintiffs insured their mobile home against loss for up to $70,000. Since the Plaintiffs' complaint failed to allege a specific amount of damages, this type of proof is sufficient to show beyond a preponderance of the evidence that the jurisdictional minimum is present. *See generally, Roberts v. Chandaleur Homes, Inc.*, 237 F.Supp.2d 696 (S.D.Miss.2002).

Due to the Defendants' successfully showing, the Plaintiffs must prove to a legal certainty that they will not be able to recover $50,000. To support their position, the Plaintiffs have submitted a document entitled "Plaintiffs' Binding Stipulation" which states,

> Plaintiff confirms and clarifies (sic) that it was not Plaintiffs' intent to seek more than $49,999.00 for its (sic) Magnuson–Moss Act claim under 15 U.S.C. § 2310. Further, Plaintiffs specifically and expressly bind themselves that they will not amend, or seek to amend, their complaint in state court at any time in the future and will not seek nor accept more than $49,999.00 as total recovery (exclusive of interest and costs) for their Magnuson–Moss Act claim, based on any ground, in this cause at any time in the future.

Responding to this stipulation, the Defendants argue that the Fifth Circuit has prohibited consideration of post-removal affidavits or documents which reduce or change the amount in controversy.

Every comprehensive discussion concerning "amount in controversy" should begin with *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The *St. Paul* court promulgated the infamous "legal certainty test" which requires a federal court to decline jurisdiction when it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at 289, 58 S.Ct. 586. In *St. Paul,* the plaintiff had originally alleged damages above the federal jurisdictional amount in state court and later, after removal, amended the complaint to an amount below the requisite amount. *Id.* at 285, 58 S.Ct. 586. The court held that the amendment subsequent to removal could not strip the federal court of jurisdiction so long as damages in the original complaint were made in good faith. *Id.* at 289, 58 S.Ct. 586. "Events occurring subsequent to the institution of the suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *Id.* at 288–90, 58 S.Ct. 586.

The Fifth Circuit has explained that the *St. Paul* holding contemplated a "typical diversity situation" and was "explicitly premised on the assumption that the amount in controversy is met by the express allegations of the plaintiff's compliant and is limited in utility to cases in which the plaintiff himself has placed the requisite jurisdictional amount in controversy by requesting damages in excess of the jurisdictional amount." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (internal quotes and citations omitted). The Fifth Circuit clarified that the "legal certainty test does not apply in a remand situation where the plaintiff has alleged an indeterminate amount of damages." *Id.* at 1409 (*citing, De Aguilar v.*

*Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993) (requiring the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum)).

Since *St. Paul*, the Fifth Circuit has had several occasion to discuss and expound upon the amount in controversy issue. First, in *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombia v. Dow Quimica De Colombia S.A. ("ANPAC")*, 988 F.2d 559, 565 (5th Cir.1993). The *ANPAC* plaintiffs had originally filed a complaint in state court seeking an unspecified amount in damages. *Id.* at 562. The defendants removed the matter to federal court based on diversity, contending only that the "amount in controversy exceeded $50,000." *Id.* The plaintiffs then timely filed a motion to remand arguing that there was not complete diversity and that the amount in controversy was not present. *Id.* To support their motion, the plaintiffs attached an affidavit declaring that no individual plaintiff had suffered damages greater than $50,000. *Id.* The *ANPAC* court was faced with a motion to remand with little to no proof regarding the actual value of the plaintiffs' claims. Recognizing this deficiency the court described the jurisdictional question as "ambiguous" and held that under very specific circumstances a reviewing court may consider post-removal affidavits probative. *Id.* at 565–66. The court concluded that remand was proper where

(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $50,000; (2) the defendants offered only conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely con-

tested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present. *Id.* The court was careful to distinguish *ANPAC* from *St. Paul's* prohibition of post-removal events which are not sufficient to defeat federal jurisdiction. Specifically, the circumstances present in *ANPAC* at the time of removal left the jurisdictional issue unresolved; an important distinction from *St. Paul* where the plaintiff's complaint expressly stated an amount of damages above the federal minimum.

The Fifth Circuit later explained that the *ANPAC* holding "is very narrowly drawn and circumscribed." *Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir.1993). In *Marcel*, the plaintiff had filed a complaint in state court without seeking a specific amount of damages.[1] *Id.* at 81–82. The defendant removed the action contending that the requisite amount in controversy was present. *Id.* at 82. The plaintiff responded by filing a motion to remand and offered a stipulation that his claim was not worth $50,000. *Id.* In opposition to remand, the defendant filed a memorandum setting forth very specific and detailed information regarding the plaintiff's injuries and the resulting expenses incurred. *Id.* The district court refused to consider the plaintiff's proposed submission of a unilateral stipulation but indicated a willingness to consider a joint stipulation. *Id.* at 83. No such stipulation or affidavit was ever presented to the district court and the motion to remand was denied. *Id.*

Reviewing the district court's ruling, the Fifth Circuit discussed at length the *ANPAC* holding and ultimately applied its three numbered conditions to the facts of *Marcel*. *Id.* at 83–85. The court found that "it is facially apparent here that,

---

1. The case was originally filed in a state court of Louisiana. Louisiana Code of Civil Proce-

dure article 893 does not allow petitioners to claim a specific amount of damages.

based upon the complaint and viewing the case as of the time of removal the damages easily could exceed $50,000;" the defendant "provided a detailed explanation of why it was apparent that the claim almost certainly was for well in excess of the jurisdictional threshold;" and the plaintiff's offered "stipulation was not unrebutted." *Id.* at 84–85. More importantly, the court opined that "[n]othing in *ANPAC* suggests that stipulations or affidavits—from the plaintiffs, their attorneys, or otherwise—always or even usually should be given effect to defeat removal." *Id.* at 85. Attempting to put *ANPAC's* holding in proper perspective, perhaps even restricting its reach, the court declared

> [t]he affidavit was considered in *ANPAC* only because it "clarif[ied] a petition that previously left the jurisdictional question ambiguous." 988 F.2d at 565. In cases in which, on the other hand, the plaintiff, by whatever means, seeks to reduce, rather than clarify, his demand after removal, the plain language of *St. Paul Mercury* and the rationale of *ANPAC* unequivocally bar remand for want of jurisdictional amount.

*Marcel,* 5 F.3d at 85.

Next, the Fifth Circuit decided *De Aguilar v. Boeing Co. ("de Aguilar I"),* 11 F.3d 55 (5th Cir.1993). *De Aguilar I* is factually similar to *Marcel* in that the plaintiffs' state court complaint did not include a specified amount of damages.[2] *Id.* at 57. After removal, the plaintiffs filed a motion to remand accompanied by affidavits which stated that damages did not exceed $49,000. *Id.* The defendants contested the motion by submitting evidence which demonstrated that the plaintiffs' claims exceeded the jurisdictional minimum. *Id.* The district court denied the motion to remand

and held that the "affidavits constituted subsequent events that could not divest the court of jurisdiction." *Id.*

On appeal, the plaintiffs insisted that the holding in *ANPAC* required the court to accept the affidavits as dispositive of the jurisdictional question. *Id.* The Fifth Circuit flatly rejected this argument and explained that the *ANPAC* court appropriately considered the post-removal affidavits because is was not "facially apparent" that the amount in controversy had been satisfied. *Id.* In contrast, the *De Aguilar I,* court found that the plaintiffs' claims for "wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses" made it facially apparent that the jurisdictional amount was present "at the time of removal." *Id.* Thus, the court held "the necessary predicate for consideration under [*ANPAC* ] is absent ... and the district court properly disregarded the affidavits." *Id.* Additionally, the court noted that "even if the amount in controversy were not facially apparent, plaintiffs' reliance on [*ANPAC* ] is nevertheless misplaced because the attorney affidavits that the plaintiffs offered in support of their motion to remand were rebutted by the defendant." *Id.*

These two distinctions between *De Aguilar I* and *ANPAC* were recognized in *De Aguilar v. Boeing Co. ("de Aguilar II"),* 47 F.3d 1404, 1407 (5th Cir.1995). Following dismissal of their original claims, the plaintiffs in *De Aguilar II* filed another petition in state court and specifically alleged that their damages did not exceed $50,000.[3] *Id.* at 1407. Attached to the complaint was an affidavit by the plaintiffs' attorney which stated that the "plaintiffs had agreed to an irrevocable cap on

---

2. The case was originally filed in a Texas state court. Texas Rule of Civil Procedure 47(b) prohibited pleading a specific amount of damages.

3. The plaintiffs' inclusion of a specified amount was in direct violation of Texas Rule of Civil Procedure 47.

the amount of damages that could be awarded." *Id.*

On appeal, the Fifth Circuit reasoned that the plaintiffs' complaint would be treated "as one for a specific amount of damages," as opposed to "a claim for an unlimited or an unspecified amount of damages." *Id.* at 1408. Based on this distinction the court stated that *ANPAC* was "inapposite." *Id.* at 564 n. 4. In other words, where the complaint states a sum certain amount of damages *ANPAC's* holding does not apply. Attempting to clarify the burden of proof required when a plaintiff seeks a specific amount of damages the court announced, "once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *Id.* at 1412. Further, "this is not a burden-shifting exercise ... [the] plaintiff must make all information known at the time he files the complaint." *Id.* The court speculated how a plaintiff can meet the legal certainty test and offered, that absent a statute that limits recovery to the amount in the *ad damnum* clause and prohibits that amount from later being increased by amendment, "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *Id.* (*quoting, In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992)). The *de Aguilar II* court ultimately denied remand based on the conclusion that the plaintiffs had not effectively bound themselves to accept less than the jurisdictional amount. *Id.* at 1415.

How does this historical review aid the conclusion of the present dispute? While all of the cases discussed above involve amount in controversy disputes in the context of diversity jurisdiction, the rational is equally applicable for determining the existence or absence of the amount in controversy for a claim pursuant to the Magnuson–Moss Warranty Act. Furthermore, this Court is of the opinion that the standard announced in *De Aguilar II* is applicable for all proposed removals; even when the complaint is silent as to damages. *See, Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 882–883 (5th Cir.2000) (requiring defendant to prove by preponderance of the evidence that the amount in controversy exceeded $75,000 where the plaintiff's complaint was silent as to damages and finding that the district court properly disregarded the post-removal affidavit because it was facially apparent that the claims exceeded the jurisdictional threshold). And the three numbered conditions set forth in *ANPAC* should guide a court's decision as to whether it should or should not consider post-removal affidavits in jurisdictional close call.

In the case *sub judice,* the Plaintiffs' complaint does not seek a specified amount of damages nor does the complaint attempt to limit any potential recovery. However, the Plaintiffs have submitted a post-removal stipulation which purports to bind the Plaintiffs to accept any award for their Magnuson–Moss claim to an amount no greater than $49,999.00. The Plaintiffs' complaint includes a laundry list of state law claims and alleges damages stemming from the loss in value of their mobile home, exposure to mold, emotional distress, mental anguish, physical injury, and lost wages. Additionally, the Plaintiffs repeatedly contend that the "Defendants' actions were such as to allow and indeed require the imposition of punitive damages."

Moreover, the Defendants insist in their removal petition that the $50,000 threshold is present because the Plaintiffs are seeking to recover the lost value of their mobile

home. The Defendants' petition offers that this amount exceeds $50,000. In their response to the Plaintiffs' motion to remand, the Defendants further substantiate the existence of federal jurisdiction by pointing to cases that have awarded and/or considered as damages for a Magnuson–Moss claim the purchase price of a mobile home. *See, Guerdon Indus., Inc. v. Gentry*, 531 So.2d 1202, 1203–04, 1209 (Miss. 1988); *cf., Roberts v. Chandaleur Homes Inc.*, 237 F.Supp.2d 696, 697 (S.D.Miss. 2002) (held that the amount in controversy was satisfied where the purchase price was $30,496 and after financing the expected repayment amount was $120,398).

One final note, a possible award of punitive damages has not been foreclosed in this State. *See, Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984) (punitive damages are recoverable under Magnuson–Moss Warranty Act if they may be recovered under a breach of warranty action brought under the governing state law); *Fedders Corp. v. Boatright*, 493 So.2d 301, 310–12 (Miss.1986) (recognizing that in some instances a breach of contract action may justify imposition of punitive damages). Resultantly, if there were any lingering doubt as to whether the amount in controversy does, in fact, exist the Plaintiffs' repeated request for such exemplary damages would surely bolster any potential damage award well beyond the $50,000 threshold.

As for the *ANPAC* conditions, even allowing the Plaintiffs all favorable inferences will not justify the Court's consideration of the post-removal stipulation. The Court will assume that the first factor has been satisfied; that is, it is not facially apparent that the damages sought were likely above $50,000. However, the second and third conditions are woefully lacking. The Defendants have offered more than mere conclusory allegations regarding the amount in controversy. And, though the

Plaintiffs timely filed a motion to remand and a stipulation stating that the amount in controversy was not present, the Defendants have rebutted the contents of that document with appropriate specificity and detail.

Therefore, the Court finds that the Defendants have shown by a preponderance of the evidence that the Plaintiffs' Magnuson–Moss claim is at least, but potentially much greater than, $50,000. Further, the Court finds that the Plaintiffs' post-removal stipulation attempting to limit their recovery is a subsequent event that will not suffice to oust jurisdiction. Based on the Defendants' demonstration the stipulation appears to "reduce, rather than clarify" the amount of the Plaintiffs' Magnuson–Moss claim in which case the "plain language of *St. Paul Mercury* and the rationale of *ANPAC* unequivocally bar remand." *Marcel*, 5 F.3d at 85. As such, the Court refuses to, and under *Marcel* is not required to, give any deference or effect to the stipulation. Therefore, the Plaintiffs cannot show that they are legally certain to recover less than the jurisdictional minimum. Had the Plaintiffs attempted to limit their recovery, in any way, in their original complaint, either expressly or by attachment, the result might have been different. *De Aguilar II*, 47 F.3d at 1412 ("plaintiff must make all information known at the time he files the complaint."). The Plaintiffs' motion to remand is denied.

### D. Conclusion

In sum, the Court concludes after surveying analogous precedent and relevant case law, that the amount in controversy is at least $50,000 as required by the Magnuson–Moss Warranty Act. Additionally, the Court refuses to give any deference or consideration to the Plaintiffs' post-removal stipulation. Resultantly, the Plaintiffs' motion to remand is denied.

A separate order in accordance with this opinion shall issue this day.

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiffs' motion to remand (docket entry 8) is DENIED.